IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                        ORDER

            Petitioner,

                                      08-cv-054-bbc

    v.

RICK RAEMISCH; GREGORY GRAMS;
DALIA SULIENE; GLORIA MARQUARDT;
CYNTHIA THORPE; LORI ALSUM;
NANCY HAHNISCH; NURSE STEVE;
KIM CAMPBELL; CO POTTS; CO2 ISSACCSON;
CO2 KOTTKA; CO2 TREMBEL; and JOHN
and JANE DOES,

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Willie C. Simpson, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has filed a 57-page proposed complaint consisting of 278 paragraphs of factual allegations. He requests leave to proceed in forma pauperis. Accompanying the complaint is a 3-page motion for preliminary injunction, 22 pages of legal argument, a 5-page affidavit and 153 purported exhibits. I understand petitioner to be raising the following claims in his complaint.

1

A. <u>Privacy</u>

1. <u>Disclosure of medical information at Columbia Correctional Institution</u>

Respondents Rick Raemisch, Gregory Grams, Gloria Marquardt, and Lori Alsum "allow[] the disclosure/access of prisoner medication records medication [sic] to prison guards pointlessly" and allow guards who are not trained or licensed in medicine to dispense medications. John or Jane Does prepare inmate medication and forward it along with a log book to guards on segregation units. Medications are openly displayed so one inmate can see what is being dispensed to another inmate and can "look up" the medication to see what it is intended to treat. Respondents CO2 Issaccson, Kottka and Trembel have allowed other inmates to see the medications being dispensed to petitioner. Respondent Alsum conducts sick call in the day room where other prisoners can hear the discussions between inmates and health service staff. Sometime in March 2007, respondent Dalia Suliene examined petitioner and discussed his athlete's feet, herpes and HIV loudly enough that other prisoners could hear. Between February 2007 and January 2008, the actions of respondents Raemisch, Grams, Marquardt and Alsum resulted in the disclosure of petitioner's numerous illnesses, including illnesses that can be stigmatizing, to guards and other inmates. Consequently, petitioner worries about further disclosure of his medical condition and suffers harassment from other prisoners. The combination of his illnesses, worry and harassment causes him depression and suicidal ideation.

2

2. <u>Disclosure of Medical Information at Green Bay Correctional Institution</u>

In January 2007, while petitioner was incarcerated at the Geen Bay Correctional Institution, respondent CO2 Potts responded to another inmate's question why petitioner was receiving two food trays by telling the inmate that petitioner was HIV positive.

B. <u>Medical Care</u>

1. <u>Testing and Treatment for AIDS</u>

Between February and August 2007, respondents Suliene, Alsum and Nurse Steve failed to conduct regular examinations of petitioner for his AIDS, provide him treatment for the condition or arrange for a specialist to see him at the University Hospital in Madison. Also, between November 2006 and May 2007, when petitioner was having complications and side effects from his medication for AIDS, "HSU staff" failed to arrange for petitioner to see his specialist in Madison. Eventually someone faxed petitioner's blood test results to Dr. Urban, petitioner's specialist at the University of Wisconsin hospital, and Dr. Urban ordered a new treatment and recommended that petitioner be examined by a hemotologist. Respondents Suliene and Alsum refused to follow this recommendation. In July or August 2007, petitioner was transported to the hospital in Madison because his AIDS had worsened. Petitioner believes he is getting sicker because health service staff are not allowing

3

him to see Dr. Urban regularly.

2. Prostatism

Respondent Suliene has diagnosed petitioner as having Prostatism. However, she did not examine petitioner before reaching this diagnosis. She has prescribed medication that has not helped petitioner's symptoms and will not examine petitioner or send him to a specialist.

3. Knee problem

Petitioner has a swollen knee. On October 1, 2007, he asked to go to the health services unit and his written form request was returned with a check in a box directing him to make a sick call appointment. Eventually, he received an ice pack, an extra pillow, an x-ray, Ibuprofen and aspirin to reduce the swelling, as well as a "knee sling." None of this has worked. Respondent Suliene told petitioner she was scheduling him for examination by an orthopedic specialist, but when the specialist came to examine petitioner's knee, respondent Suliene and Alsum refused to allow petitioner to be examined. Respondent Suliene refuses to drain the fluid off petitioner's knee.

4. Medication dispute

In mid-November, petitioner did not receive his AIDS medication for a period of approximately three days.  Also, he received a drug with the name Atripla instead of Truvada.  Respondent Nurse Steve told petitioner Atripla and Truvada were the same thing.  When petitioner challenged Nurse Steve about why he could not receive Truvada, respondent Steve was insensitive and spoke so loudly that other prisoners could hear what they were talking about.  Petitioner knows that Truvada and Atripla are not interchangeable and believes that Atripla has in it a drug that can cause him to become so depressed he will commit suicide.  Nevertheless, respondents Kim Cambell and Nancy Hahnisch, nurses, and respondents Suliene and Alsum refuse to change petitioner's medication to Truvada.

5. H-Pylori bacteria

Sometime around September 1, 2007, two guards spit in petitioner's food. One month later, petitioner was transported to the hospital for stomach and intestinal ailments.  He was prescribed antibiotics.  Later, he learned that he had been treated for H-Pylori bacteria.  No one in the health services unit can explain to petitioner why he got the bacteria.

DISCUSSION

For at least two reasons I cannot allow petitioner to proceed in forma pauperis with the complaint he has filed.  First, the complaint violates Fed. R. Civ. P. 8 and 20.  Second, as I will explain below, petitioner has struck out under 28 U.S.C. § 1915(g) and, therefore, is not eligible to proceed on any claim under the in forma pauperis statute unless I conclude that the allegations supporting the claim show that he is in "imminent danger of serious physical injury."  The only claims in petitioner's complaint meeting this exacting standard are his claims that he is not being provided adequate medical care for his AIDS, prostate problems and a swollen knee.   Petitioner will have to amend his complaint to eliminate his other claims before I can consider his request for leave to proceed in forma pauperis.

A.  Fed. R. Civ. P. 8 and 20

Fed. R. Civ. P. 8. requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . .; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought . . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise, and direct."  With the exception of the fact that plaintiff has included at the end of his complaint a demand for relief, his complaint fails to meet these prerequisites.  His complaint is lengthy and verbose. Allegations concerning petitioner's individual claims are not organized together in the

6

complaint. Instead, bits and pieces of his various claims are offered randomly, even after it appears the topic has changed. It would be nearly impossible for the respondents to locate within the complaint the allegations of wrongdoing specifically targeted at them.

Moreover, in a number of instances, petitioner alleges generally that "health services unit" staff did or did not do something. This is not acceptable to give notice to the respondents about who he is contending violated his rights. Section 1983 creates a cause of action based on personal liability. A respondent cannot be held liable in a § 1983 action unless he caused or participated in the alleged deprivation of rights. In order to give each respondent the necessary information about what it is he or she did to violate petitioner's rights, petitioner will have to re-write his complaint to clarify precisely which respondents took the actions he is complaining about.

Also, petitioner should be aware that his complaint violates Fed. R. Civ. P. 20(a). This rule governs the number of parties a petitioner may join in any one action. It provides that a petitioner may sue more than one respondent when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. Id.; 3A Moore's Federal

7

Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). If the requirements for joinder of parties have been satisfied under Rule 20, only then may a plaintiff join unrelated claims against one or more of the same defendants. Fed. R. Civ. P. 18; Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In George v. Smith, 507 F.3d 605 (7th Cir. 2007), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Petitioner appears to be attempting to do just that. His privacy claims against John and Jane Doe respondents and respondents Rick Raemisch, Gregory Grams, Gloria Marquardt, CO2 Issaccson, CO2 Kottka, CO2Trembel and CO Potts are unrelated to his claims that respondents Dalia Suliene, Lori Alsum and Nurses Steve, Kim Cambell and Hahnisch are being deliberately indifferent to his serious medical needs. Therefore, when petitioner submits a proposed amended complaint for this court's consideration, he may not include both his privacy claim and his medical care claims in one lawsuit.

### B. Petitioner's Three Strike Status

As noted at the start of this opinion, petitioner may not include both claims in one lawsuit for another reason that relates to his three-strike status. Petitioner has been aware

8

for some time that he has earned two strikes under 28 U.S.C. § 1915(g). He earned his first strike in Simpson v. Maas, 04-cv-29-bbc (decided March 29, 2004), and his second in Simpson v. Douma, 04-cv-298-bbc (decided June 30, 2004). Now, however, in George v. Smith, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit clarified the circumstances in which district courts should be recording strikes against prisoner litigants. Unfortunately for petitioner, when his strikes are re-counted in accordance with George, I must conclude that he has struck out.

In George, the court ruled that a strike under § 1915(g) is to be recorded against any prisoner who files a complaint in which "*any claim*" in the complaint is determined to be frivolous, malicious or to fail to state a claim upon which relief may be granted. (Emphasis in original.) Thus, when this court ruled in Simpson v. Greenwood, 06-cv-612-bbc (decided Nov. 21, 2006) that petitioner failed to state a claim upon which relief may be granted against defendants Potts, Ford and DeBroux, petitioner struck out under § 1915(g). This means that so long as he remains a prisoner, petitioner is barred by § 1915(g) from proceeding in forma pauperis in any new action that fails to meet the imminent danger exception described in § 1915(g).

This means that petitioner may not ask for leave to proceed in forma pauperis in a new lawsuit unless his complaint alleges facts from which a determination may be made that he is in "imminent danger of serious physical harm." 28 U.S.C. § 1915(g). Petitioner's claims

9

that his privacy rights are being violated and that he has not been told why he contracted H-pylori bacteria in November of 2007 do not meet this exacting standard. (Although petitioner says that he is so distraught over the dissemination of his private medical information that he sometimes considers suicide, this is not the kind of allegation that supports of finding of imminent danger. If it was, prisoners could override § 1915(g)'s bar in every instance simply by alleging that the mental distress brought on by an alleged unconstitutional act rendered them suicidal.) If petitioner wishes to pursue these claims, he will have to raise them in separate lawsuits as Fed. R. Civ. P. 20 requires and prepay the $350 filing fee for each lawsuit.

### C. Trust Fund Account Statement

One further matter requires comment. When he submitted his complaint, petitioner supplied a trust fund account statement covering the period beginning December 1, 2007 and ending December 31, 2007, as well as two "canteen statements," one dated January 2, 2008 and the other dated January 14, 2008. 28 U.S.C. § 1915(a)(2) provides that a prisoner seeking to bring a civil action in forma pauperis must submit a certified trust fund account statement for the six-month period immediately preceding the filing of the complaint. Petitioner submitted his complaint for filing in this case on January 18, 2008. Thus, if petitioner intends to pursue his request for leave to proceed in forma pauperis, he will have

10

to submit a supplemental statement covering the period beginning approximately July 1, 2007 and ending November 30, 2007.

### C. Motion for Preliminary Injunction

Because I am dismissing petitioner's complaint in its entirety, I will deny his motion for preliminary injunctive relief as moot. I note, however, that in his motion, petitioner seeks relief relating to his privacy claim and to his claim that he is being denied medical care. Petitioner should be aware that if he files a new complaint limited to his claims of denial of medical care and asks for leave to proceed in forma pauperis under the exception to § 1915(g), I will review his trust fund account statement to determine whether he has the means to pay an initial partial of the filing fee. If he does, I will require him to pay the amount assessed before taking further action. If he does not, I will proceed directly to screen his claims as required by 28 U.S.C. § 1915(e)(2). As to the claims that survive screening, if any, I will schedule an evidentiary hearing to be held promptly at which petitioner will be required to show that he is in imminent danger of serious physical injury. This hearing is in all respects the same as a hearing on a motion for preliminary injunction. Therefore, with respect to his claims of denial of medical care, petitioner need not file a renewed motion for preliminary injunctive relief. Rather, he should be prepared to submit evidence to prove his need for immediate injunctive relief at the hearing. Because he may need to refer to one or

more of the 153 pages of exhibits he submitted with his motion in order to prepare for such a hearing, I am returning those documents to petitioner with a copy of this order. (Because the exhibits were scanned into the court's electronic file of this case, the record remains complete, despite the fact that I am returning the original documents to petitioner.)

### C. Summary

In summary, petitioner's request for leave to proceed in forma pauperis with his present complaint will be denied and the complaint will be dismissed in its entirety because it violates Fed. R. Civ. P. 8 and 20. Petitioner's motion for a preliminary injunction will be denied as moot.

Petitioner will be given until March 14, 2008, in which to renew his request for leave to proceed in forma pauperis. The request must be accompanied by a trust fund account statement covering the period beginning approximately July 1, 2007 and ending November 30, 2007 and a new complaint that complies with Fed. R. Civ. P. 8 and 20.

Before he renews his request for leave to proceed in forma pauperis, petitioner will have to divide his complaint into three separate lawsuits.

- In what I will call Lawsuit #1, petitioner may raise his claims that respondents Dalia Suliene, Lori Alsum, and Nurse Steve are denying him medical care and treatment for

12

AIDS, prostatism, and a knee problem and that respondent Suliene is deliberately treating petitioner with a medication that contains and ingredient that exacerbates his suicidal ideation.  (I do not encourage petitioner to include respondents Kim Cambell and Nancy Hahnisch in this lawsuit.  His only claim against these respondents is that they ignored his complaints about receiving Atripla instead of Truvada.  Ordinarily nurses do not have the authority to prescribe medication.  Therefore, it is not possible to conceive how they can be held liable for ignoring petitioner's requests to change his medication.)  As to this one lawsuit, petitioner may ask for leave to proceed in forma pauperis under the exception to § 1915(g).  Also as to this one lawsuit, it will not be necessary for petitioner to file a renewed motion for preliminary injunctive relief.  So long as petitioner's complaint survives screening under § 1915(e)(2), a determination whether a preliminary injunction should issue will be addressed at an evidentiary hearing on the question whether petitioner is in imminent danger of serious physical harm.

- In what I will call Lawsuit #2, petitioner may file a complaint raising his claims against respondents Rick Raemisch, Gregory Grams, Gloria Marquardt, Lori Alsum, John and Jane Does, Dalia Suliene CO2 Issaccson, CO2 Kottka, CO2 Trembel and CO Potts concerning the dissemination of his medical information in violation of his right to privacy.  However, if petitioner decides to pursue his claims in this lawsuit, he

13

will have to prepay the $350 filing fee and the complaint will be assigned a new case number.

- In what I will call Lawsuit #3, petitioner may file a complaint raising his claim that he has not been told how he contracted H-Pylori bacteria. As to this claim, petitioner should consider carefully what potential constitutional right he believes was violated and, equally important, identify the person or persons he believes violated that right. If petitioner decides to pursue his claim in Lawsuit #3, he will have to prepay the $350 filing fee.

ORDER

IT IS ORDERED that

1. Petitioner Willie Simpson's request for leave to proceed in forma pauperis is DENIED and his complaint is DISMISSED in its entirety because it fails to comply with Fed. R. Civ. P. 8 and 20, and because petitioner is not eligible under the exception to 28 U.S.C. § 1915(g) to proceed in forma pauperis on claims identified above as Lawsuits ## 2 and 3.

2. Petitioner's motion for a preliminary injunction is DENIED as moot.

3. Petitioner may have until March 14, 2008, in which to submit a proposed amended complaint that complies with Fed. R. Civ. P. 8 and is limited to his claims that respondents

Dalia Suliene, Lori Alsum, and Nurse Steve are denying him medical care and treatment for AIDS, prostatism, and a knee problem, and that respondent Suliene is deliberately treating petitioner with a medication that contains and ingredient that exacerbates his suicidal ideation. As to this one lawsuit only, petitioner may renew his request for leave to proceed in forma pauperis, but the request must be accompanied by a supplemental trust fund account statement covering the period beginning approximately July 1, 2007 and ending November 30, 2007.

    4. If, by March 14, 2008, petitioner fails to file the required amended complaint and supplemental trust fund account statement or show cause for his failure to do so, then this case will be dismissed without prejudice for his failure to prosecute.

    5. Petitioner may file new complaints in compliance with Fed. R. Civ. P. 8 and 20 raising the claims identified as Lawsuits ##2 and 3 above, but each complaint must be accompanied by a check or money order made payable to the clerk of court in the amount of $350.

    Entered this 27th day of February, 2008.

                            BY THE COURT:

                            /s/
                            _____
                            BARBARA B. CRABB
                            District Judge