IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                   ORDER

                Petitioner,

                             08-cv-054-bbc

      v.

RICK RAEMISCH; GREGORY GRAMS;
DALIA SULIENE; GLORIA MARQUARDT;
CYNTHIA THORPE; LORI ALSUM;
NANCY HAHNISCH; NURSE STEVE;
KIM CAMPBELL; CO POTTS; CO2 ISSACCSON;
CO2 KOTTKA; CO2 TREMBEL; and JOHN
and JANE DOES,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Willie C. Simpson has requested alteration of that part of this court's order of February 27, 2008, in which I held that petitioner has struck out under 28 U.S.C. § 1915(g). Specifically, I found that in light of <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), in which the court of appeals interpreted § 1915(g) to apply in cases in which any *claim* is dismissed for one of the grounds enumerated in 28 U.S.C. § 1915(g), petitioner had incurred a third strike in <u>Simpson v. Greenwood</u>, 06-cv-612-bbc, because his claims against certain of the respondents in that case had been dismissed for his failure to state a claim

1

against them.  Petitioner argues that it violates the ex post facto clause to record a strike against him retroactively.  He is wrong.

The ex post facto clause "forbids the application of any new punitive measure to a crime already consummated" and has been interpreted to pertain exclusively to penal statutes.  Kansas v. Hendricks, 521 U.S. 346, 370-71 (1997) (citations omitted).  And, although it is true that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto  law," Bouie v. City of Columbia, 378 U.S. 347, 353 (1964), § 1915(g) is not a penal or criminal statute.  Moreover, in Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996), the court of appeals held that application of the three-strikes provision in § 1915(g) to cases filed by prisoners before the Prison Litigation Reform Act became law was not impermissibly retroactive.  The court reasoned,

> the statute does not change any of the legal consequences of deeds preceding its enactment.  All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.

Subsequently, in Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002), the court of appeals stated expressly that § 1915(g) does not violate the ex post facto clause.  The court reiterated:

> Anyway, everyone allowed to proceed in forma pauperis owes the fees and must pay when able; the line drawn by § 1915(g) concerns only the timing of payment.  Section 1915(g) does not have a substantive effect.  That's why we held it applicable to cases in which the "strikes" predate the PLRA.

2

Thus, whether this court applies § 1915(g) retroactively to civil actions as a whole or to claims within an action as the court of appeals now requires, such retroactive application does not violate the <u>ex post facto</u> clause.  Therefore, petitioner's argument lacks merit that he is entitled to alteration of that part of this court's February 28, 2008 decision in which I found that he has struck out.


ORDER

IT IS ORDERED that petitioner Willie C. Simpson request for alteration of that part of this court's order of February 27, 2008, holding that petitioner has struck out under 28 U.S.C. § 1915(g) is DENIED.

Entered this 14th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3