IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                                                              ORDER

                Plaintiff,

                                                                                             08-cv-054-bbc

     v.

DALIA SULIENE and LORI ALSUM,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has asked for an extension of time to July 9, 2008, in which to support his motion for a preliminary injunction with respect to his claim that defendants are denying him treatment for pancytopenia. In addition, he has filed a document titled "Petition and Motion Pursuant to 18 U.S.C. § 242 in Case 08-cv-054-bbc," in which he asks that the court "hold the defendants criminally liable" for violating his rights under 18 U.S.C. § 242. The first motion will be granted. The "petition and motion" will be denied.

      Plaintiff states that he needs more time to support his motion for a preliminary injunction because he will be transported sometime in the near future to the University of Wisconsin Hospital to have an operation. His request is reasonable. Therefore, this motion will be granted.

1

However, there is no basis for granting plaintiff's petition and motion to "hold the defendants criminally liable" for their alleged unconstitutional acts, assuming plaintiff prevails on his claims. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." United States v. Batchelder, 442 U.S. 114, 124 (1979). "In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review. Shoshone-Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995). Consequently federal courts have held that they lack jurisdiction to issue writs compelling United States Attorneys to bring actions. Id. at 1484 (district court properly dismissed action brought by tribe to compel United States Attorney General to bring charges enforcing tribe's water rights); Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973)(district court properly dismissed petition for writ of mandamus to compel United States Attorney for the Western District of New York to initiate criminal proceedings against prison officials for violations of inmates' rights during prison uprising). Because there is no basis for granting plaintiff's petition and motion "to hold the defendants criminally liable under 18 U.S.C. § 242," the petition and motion will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for an enlargement of time (Dkt. #35) is GRANTED. Plaintiff may have until July 9, 2008, in which to serve and file proposed findings of fact and any evidence he has to support his motion for a preliminary injunction. Defendants may have until July 24, 2008, in which to serve and file a response to the motion.

2. Plaintiff's "Petition and Motion Pursuant to 18 U.S.C. § 242 in Case 08-cv-054-bbc" (Dkt. #36) is DENIED.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge