IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE C. SIMPSON,

                Plaintiff,

v.                                                   ORDER

DALIA SULIENE, *et al.*                         08-cv-54-bbc

                Defendants.

---

This is a prisoner civil rights lawsuit by a three-strikes prisoner litigant to whom the court has granted leave to proceed on a claim of imminent danger resulting from an alleged inability to obtain treatment for serious medical needs. *See* March 14, 2008 order, dkt. 15. Before the court are plaintiff's motion to compel defendants to provide more complete disclosure to plaintiff of his own medical records and plaintiff's motion to protect from discovery by defendants all portions of his medical file unrelated to the two medical conditions he wishes to litigate in this lawsuit. *See* dkts. 43-44.

Defendants oppose both motions, claiming that the first is moot because they now have provided plaintiff the access he seeks and that the second is procedurally impractical and would deny defendants access to the *gestalt* of plaintiff's medical condition which he has put into play by virtue of filing this lawsuit. *See* dkts. 59 (brief) and 49-50 (affidavits). Plaintiff filed an unbidden reply in support of both his motions. *See* dkts. 61-62.

Plaintiff's motion to compel (dkt. 43) is DENIED. Defendants have provided plaintiff with sufficient access to his own medical files. Plaintiff may review any and every part of his own medical file and he may make photocopies at his own expense. He is entitled to nothing more in this lawsuit.

Plaintiff's motion for protection (dkt. 44) also is DENIED, but that's not the end of the story. Defendants sufficiently have established the impracticality of attempting to redact

plaintiff's medical records in the fashion demanded by plaintiff. Yes, plaintiff is entitled maintain the confidentiality of his treatment for completely unrelated conditions, but when the state's paper records defy efficient review and redaction, when it is not clear until the review has taken place which other records really are completely unrelated, when this court is capable of entering a protective order that maintains the confidentiality of plaintiff's records within a small group on a need-to-know basis, and when plaintiff has initiated this lawsuit, thereby pro-actively placing at least some of his medical care into play, then the equities and efficiencies tilt toward protecting plaintiff's privacy in a manner other than an impenetrable wall against discovery by defendants. Therefore, plaintiff's motion for protection (dkt. 44) is denied as presented.

Defendants, however, shall submit a proposed protective order for the court's signature sealing plaintiff's records and limiting their disclosure on a need-to-know basis. The deadline for submitting a proposed order is July 21, 2008.

Plaintiff may deem this approach unacceptable. That would be his prerogative and this court would never force any litigant or witness to divulge his medical records over his continued objection. But if plaintiff refuses to allow defendants access to his medical records on these conditions, then there will be consequences, including the possibility that this court would dismiss plaintiff's lawsuit because plaintiff's refusal prevented defendants from properly investigating an preparing their defense. By noting such a possibility I do not mean to coerce plaintiff's acquiescence; the choice to allow protected disclosure of his medical records is his to make as he sees fit. Plaintiff, however, may not eat his cake and have it too. Medical treatment lawsuits almost always involve tradeoffs of this nature. Plaintiff has until July 17, 2008 to make his choice. Failure to present an unqualified signed waiver to defendants' attorney by July 17 shall be deemed plaintiff's decision not to divulge his records.

ORDER

It is ORDERED that plaintiff's motion to compel and motion for protection both are DENIED, with further submissions due according to the schedule set forth above.

Entered this 7th day of July, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge