IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                      ORDER

            Plaintiff,

                                   08-cv-054-bbc

  v.

DALIA SULIENE and LORI ALSUM,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson, a prisoner at the Columbia Correctional Institution, has moved for a preliminary injunction on his claim that defendants Dalia Suliene and Lori Alsum are failing to provide him with any treatment for a medical condition called pancytopenia. To prevail on this motion, plaintiff must show that he has some chance of success on the merits and that the balance of harms favors immediate relief. Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). Because he has failed to meet that standard, I must deny his motion for a preliminary injunction.

      A prisoner's right to medical care has been violated when he has a serious medical need, a prison official is aware of that need and she disregards the need by failing to take reasonable measures to treat it. Estelle v. Gamble, 429 U.S. 97 (1976). In their response

1

to plaintiff's motion, defendants submitted the affidavit of defendant Suliene, who is plaintiff's treating physician at the prison. She avers that "pancytopenia is an abnormal depression of all the cellular elements of the blood. If a person has pancytopenia, it means that the bone marrow is not producing new cells. Pancytopenia can be caused by HIV or as a side effect of various medications." In addition, she avers that when she conducted blood tests on plaintiff in November 2007, the results showed that he did not have pancytopenia.

In arguing that he does have the condition, plaintiff relies on letters written by a doctor who treated plaintiff at a University of Wisconsin clinic. In the letters, dated from December 2006 to August 2007, the doctor noted that plaintiff had a "history" of pancytopenia and "recommend[ed]" or "suggest[ed]" that plaintiff receive a "hematology evaluation." Plt.'s Aff., exhs. 10 and 11, dkt. #58. However, these letters were written before defendant concluded that plaintiff's November 2007 test results did not support a diagnosis of pancytopenia. In a letter the UW doctor wrote on behalf of plaintiff in February 2008, he noted that pancytopenia was an "issue" he had "discussed in the past." Dft. Suliene's Aff., exh. A, dkt. #75. However, he did not recommend further evaluation. Instead, he said that plaintiff's "cytopenias are better on the most recent blood work suggesting that perhaps by treating the HIV this has had a significant impact."

In any event, even if I concluded that plaintiff might have pancytopenia, he has made no showing that he will be harmed if he does not receive immediate treatment. The doctors'

2

letters that plaintiff cites do not suggest that his condition is any way urgent. In fact, he has adduced no evidence showing that pancytopenia will lead to any harmful health conditions in the absence of treatment. Plaintiff appears to realize this failure of proof because he changes the subject by saying that he has "aplastic anemia" and that people with that condition may "quickly die unless [it is] immediately treated." Plt.'s Aff., ¶ 12, dkt, #83. However, among the many problems with this line of argument is that the scope of this case does not include the issue whether defendants are appropriately treating plaintiff for aplastic anemia and that even if it was part of the case, plaintiff has not adduced any evidence that he has that condition.

## ORDER

IT IS ORDERED that plaintiff Willie Simpson's motion for a preliminary injunction, dkt. #17, is DENIED.

Entered this 27th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3