IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                              ORDER

            Plaintiff,

                            08-cv-54-bbc

    v.

DALIA SULIENE and LORI ALSUM,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Willie Simpson is proceeding on a claim that defendants Dalia Suliene and Lori Alsum violated his Eighth Amendment rights by failing to provide him with any treatment for a medical condition called pancytopenia, which is a blood abnormality. In an order dated August 27, 2008, dkt.#84, I denied plaintiff's motion for a preliminary injunction on the grounds that he failed to show either that he currently suffers from pancytopenia or that he would be harmed if he did not receive immediate treatment.

      Now plaintiff has filed two related motions for sanctions that he calls "Plaintiff Pro Se Motion Pursuant to Fed. Rule Evid. 607 and 613 to Impeach for Perjury and Lying Contrary to 18 U.S.C. § 1621" and "Plaintiff Pro Se Motion Pursuant to Fed. R. Civ. P. 11

1

and 37 for Sanctions for Perjury and Lying Contrary to 18 U.S.C. §§ 1621 and 1622." In his motions, he accuses defendant Suliene of lying in her affidavit that she filed with her opposition to plaintiff's motion for a preliminary injunction. In particular, he says that she lied when she averred that plaintiff's doctor at a University of Wisconsin clinic, "Dr. Williams," concurred in an email with Suliene's conclusion that plaintiff did not suffer from pancytopenia. Suliene Aff., ¶22, dkt. #75. In support, plaintiff has filed his own affidavit in which he avers that at his last appointment with Dr. Williams, Williams told plaintiff that he never had the email exchange claimed by defendant Suliene in her affidavit. In addition, plaintiff has attached a response to a document request he submitted to defendant Alsum in which she says that "there are no e-mail consultations between [defendant Suliene] and Dr. Williams from UW." Plaintiff asks that defendant Suliene and her lawyer be criminally charged with perjury and that they be required to pay his costs in litigating this lawsuit.

Plaintiff's motions must be denied. To begin with, in denying plaintiff's motion for a preliminary injunction, I did not consider the averment that plaintiff challenges now. Under the rule against hearsay, defendant Suliene could not testify about the conclusions of another doctor. (For the same reason, I cannot consider plaintiff's representations about Dr. Williams's statements or beliefs. If, at summary judgment, plaintiff wishes the court to consider statements made by Williams for their truth, plaintiff must obtain an affidavit prepared by Williams himself.) However, disregarding that portion of Suliene's affidavit did

2

not help plaintiff. Regardless whether the email exists, plaintiff failed to adduce any evidence that he currently suffers from pancytopenia.

Second, even if plaintiff's motions related to a relevant fact, I could not grant the relief he seeks. Plaintiff asks this court to charge defendant Suliene and her lawyer under criminal statutes. However, "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." United States v. Batchelder, 442 U.S. 114, 124 (1979). Further, although plaintiff's evidence certainly raises questions regarding the accuracy of Suliene's averment, he has not shown that it meets the standard for perjury, which is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).

Factual disputes occur in the context of litigation all the time. Very rarely it is appropriate for a court to take sides and make a determination regarding a party's credibility; that is an issue normally reserved for the jury. Townsend v. Fuchs, 522 F.3d 765, 774-775 (7th Cir. 2008). If plaintiff believes that he has evidence that contradicts a defendant's version of events, he is free to present that at summary judgment or at trial, but he is not entitled to a sanction at this time.

3

ORDER

IT IS ORDERED that plaintiff Willie Simpson's motions for sanctions, dkts. #85 and #86, are DENIED.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4