IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

               Plaintiff,

      v.

DALIA SULIENE and LORI ALSUM,

               Defendants.

OPINION and ORDER

08-cv-54-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The question in this prisoner civil rights case is whether defendants Dalia Suliene and Lori Alsum are violating plaintiff Willie Simpson's Eighth Amendment rights by failing to treat a blood condition called pancytopenia, which the parties agree is "an abnormal reduction in the number of red blood cells, white blood cells and blood platelets in the blood." Plaintiff has moved for summary judgment on his claim and defendants request that summary judgment be granted in their favor. Because plaintiff adduced no evidence regarding any involvement that defendant Alsum had in making decisions about his health care, she must be dismissed from the case. Summary judgment must be granted in favor of defendant Suliene as well because no reasonable jury could find that she violated plaintiff's right to medical care under the Eighth Amendment.

1

In an order dated December 5, 2008, dkt. #113, I granted plaintiff's motion for an extension of time to file his reply brief and responses to defendants' proposed findings of fact until the magistrate judge ruled on two discovery motions, dkt. ## 98 and 102.  Although those motions are still pending, plaintiff has filed his summary judgment materials without waiting for a decision from the magistrate judge, which means the motion for summary judgment is ripe for review.  This was a wise choice.  In his motions, plaintiff is seeking testimony defendant Suliene gave in a John Doe proceeding, which he says would show that Suliene had lied in her affidavit in this case.  As I explain below, trying to obtain that testimony was a fruitless exercise because it could not change the outcome of this lawsuit, even if plaintiff were correct about what Suliene's testimony would show.

Earlier in this litigation, plaintiff filed a motion for a preliminary injunction, which I denied in an order dated August  27, 2008.  Dkt. #84.  In that order, I concluded that plaintiff had not adduced any evidence that he was afflicted with pancytopenia, or, if he was, that he was being harmed as a result of a lack of treatment for it.

The record is little different now from what it was at the preliminary injunction stage.  The only new information relates to a visit plaintiff made to a University of Wisconsin clinic on August 25, 2008.  In a report to defendant Suliene (plaintiff's doctor at the prison), Dr. Elliot Williams (plaintiff's treating physician at the clinic), wrote the following about plaintiff's visit:

IMPRESSION: Chronic mild pancytopenia.  This appears to have been stable over the past year.  The cause is unclear.  It may be due to [another condition plaintiff has, not at issue in this case], which can cause pancytopenia by several different mechanisms.  The mild anemia does not appear to be hemolytic.  I doubt, but cannot rule out, a primary marrow disorder.

RECOMMENDATION AND PLANS: I discussed the possibility of performing a bone marrow biopsy with Mr. Simpson.  I told him that the chances of finding a readily treatable cause for pancytopenia with a bone marrow biopsy were not particularly high, but this would be necessary if we wanted to completely rule out an underlying marrow disorder such as leukemia, myelodysplasia, etc.  I do, however, think that these problems are unlikely explanations for the hematologic findings.

Mr. Simpson decided that he would prefer a watch and wait approach.  I would therefore recommend that a CBC and differential count be repeated at approximately 3-month intervals.  If there is a substantial downward movement in any of his blood counts, I would like to see him again for reevaluation and would readdress the possibility of doing a bone marrow biopsy.

This letter suggests that Dr. Williams disagrees with defendant Suliene, who has concluded that plaintiff does not have pancytopenia.  As the Court of Appeals for the Seventh Circuit has held many times, a difference of opinion is not enough to make out an Eighth Amendment violation.  E.g., Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006).  However, in this case, it may be appropriate to give more weight to the opinion of Dr. Williams, who is a specialist, than to the opinion of defendant Suliene, who admits she has no expertise in diagnosing or treating pancytopenia.  Even if Dr. Williams's opinion is controlling, however, this would not allow a reasonable jury to find that defendants are consciously disregarding a serious need that plaintiff has for medical treatment, which is

3

what plaintiff must show to prevail on a claim for inadequate medical care under the Eighth Amendment.  Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005).

Plaintiff identifies several perceived deficiencies with his care, but none suggests that defendants have violated his constitutional rights.  With respect to his current care, plaintiff says only that he has "not received [a biopsy] as of present," PPFOF ¶34, dkt. #95, but he does not deny Dr. Williams's account that it was *plaintiff* who decided against the biopsy. Plaintiff cannot argue successfully that defendants are violating his rights by respecting his wishes.

In his opening brief, plaintiff focuses on his past care.  In particular, he faults defendants for not taking him to the university clinic sooner.  To prevail on a claim that defendants violated his Eighth Amendment rights by delaying care, plaintiff must show that the delay caused him harm. Langston v. Peters, 100 F.3d 1235, 1240 (7th Cir.1996). Plaintiff tries to make this showing by pointing to his diagnoses for "slight anemia" and h. pylori, but he connects neither of these conditions to a failure to diagnose his pancytopenia earlier.  With respect to the h. pylori, he adduces no evidence that it was even *caused* by pancytopenia.  None of the health care providers at the prison or the university clinic have so concluded and plaintiff is not qualified to make the diagnosis himself.  Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001) (nonexpert may not testify regarding cause of medical condition).  Although Dr. Williams's report suggests that there may be a connection between

4

plaintiff's anemia and pancytopenia, the report does *not* suggest that his anemia could have been prevented if defendants had diagnosed him with pancytopenia or taken him to a specialist sooner.  Plaintiff points to no other evidence to fill the gap left by the report.

Also, plaintiff lists a number of symptoms that he believes pancytopenia may cause, but he does not say that *he* has experienced those symptoms or that he complained to defendants about them.  In any event, nothing in Dr. Williams's report suggests that plaintiff had not been getting care that he needed for pancytopenia. The doctor's primary recommendation was continued monitoring, which plaintiff has been receiving in the form of regular blood work.  Plaintiff declined the only significant treatment option that Dr. Williams proposed.

In his reply brief, plaintiff shifts focus to his belief that defendant Suliene lied in her affidavit when she stated that, in January 2008, Dr. Williams concurred in an email with her conclusion that plaintiff did not suffer from pancytopenia.  Suliene Aff., ¶22, dkt. #75.  In support, plaintiff points to his own affidavit in which he avers that at his last appointment with Dr. Williams, Williams told plaintiff that he never had the email exchange claimed by defendant Suliene in her affidavit.  In addition, plaintiff relies on a document request he submitted to defendant Alsum in which she says that "there are no e-mail consultations between [defendant Suliene] and Dr. Williams from UW."

This is not the first time plaintiff has raised this concern.  In September 2008,

plaintiff filed a motion for reconsideration of the order denying his motion for a preliminary injunction on the ground that defendant Suliene lied in her affidavit.  I will repeat now what I told plaintiff when I denied his motion for reconsideration.  The averment in defendant Suliene's affidavit has no bearing on the outcome of this case.  I did not and could not consider that averment in deciding plaintiff's motion for a preliminary injunction for the same reason I do not consider it now: the rule against hearsay prohibits it.   Defendant Suliene's statement that Dr. Williams concurred with her opinion "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c). (Plaintiff's averment that Dr. Williams denied having the email exchange is likewise inadmissible hearsay.)  In addition, defendant Suliene did not attach the email to her affidavit, as Fed. R. Civ. P. 56(e)(1) requires.  That rule states:  "If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."  Thus, even if defendant Suliene were lying in her affidavit, it did not harm plaintiff because I have disregarded her statement as inadmissible.  Plaintiff is simply wrong when he says that I denied his motion for a preliminary injunction because of Suliene's averment about Dr. Williams.

Second, even if I assume that defendant Suliene knew plaintiff had pancytopenia before he was seen by Dr. Williams, it would not carry the day for plaintiff.  Plaintiff is not automatically entitled to the care of his choosing once it is determined he has a medical

condition.  Even today, plaintiff cannot point to any treatment that he should have received for his panyctopenia; his only complaint is that defendants have failed to acknowledge that he has it.  But unless that acknowledgment would require different treatment from what he is getting now, there is no Eighth Amendment violation, regardless whether defendant Suliene is wrong in her diagnosis.

Plaintiff appears to believe that he should win his case even if the averment in defendant Suliene's affidavit is irrelevant.  He says that any instance of perjury is a violation of his due process rights.  Plaintiff is mistaken for two reasons.  First, there has been no finding that defendant Suliene has committed perjury.   Rather, there is a dispute between the parties, which is a common occurrence in a lawsuit.  Although plaintiff has raised a legitimate question about the veracity of defendant Suliene's averment, that does not mean I may find as a matter of law that she is lying.  <u>Townsend v. Fuchs</u>, 522 F.3d 765, 774-75 (7th Cir. 2008).

Second, plaintiff would not be entitled to summary judgment as a sanction even if I concluded that defendant Suliene's affidavit was untruthful.  The cases plaintiff cites involve the rights of the criminally accused to a fair trial, not the rights of a civil plaintiff to avoid summary judgment.  However, even these cases hold that perjury violates due process only if it is material to a finding of guilt or innocence.  <u>E.g.</u>, <u>Giglio v. United States</u>, 450 U.S. 150 (1972); <u>Napue v. People of State of Illinois</u>, 360 U.S. 264, 269 (1959).   Because I never

7

considered defendant Suliene's allegedly dishonest statement, plaintiff cannot argue successfully that his claim failed as a result of that statement.  Plaintiff's reliance on cases such as <u>United States v. Dunnigan</u>, 507 U.S. 87 (1993), and <u>United States v. Gage</u>, 183 F.3d 711 (7th Cir. 1999), is even less helpful because the question in those cases was when a sentence could be enhanced as a result of perjury.  They have nothing to do with liability in a civil case.

Although defendants did not file their own motion for summary judgment, entering judgment in their favor is appropriate because defendants gave plaintiff notice that they were seeking summary judgment in their response brief and he had a "fair opportunity to present evidence in opposition." <u>Acequia, Inc. v. Prudential Insurance Co. of America</u>, 226 F.3d 798, 807 (7th Cir. 2000).  Plaintiff has not suggested that he has any additional evidence that would show he has been denied needed treatment.  Under these circumstances, neither side would be served by going to trial in a case that would be susceptible to a judgment as a matter of law in favor of defendants even before they put in any evidence.

It is clear that plaintiff believes defendants are not giving him proper medical care. When one is entirely dependent on his captors to determine the care that he needs, it is understandable that he would be suspicious of any decision that care is not needed.  It is also understandable that plaintiff is upset by what he perceives to be defendant Suliene's false testimony.  I agree with plaintiff that it is troubling that defendant Suliene has been unable

to provide any corroborating evidence to support her averment that Dr. Williams agreed with her diagnosis.

However, the record in this case simply does not support the view that plaintiff is being denied needed treatment. Although Dr. Williams and defendant Suliene may have a difference of opinion regarding whether plaintiff has pancytopenia, even Dr. Williams has not determined that defendant Suliene is providing inadequate care. *No* health care provider has determined that plaintiff's condition needs any treatment at this time other than monitoring. Until it is shown that additional treatment is needed and defendants refuse to provide that treatment, there is no basis to conclude that defendants are negligent, much less that they have violated plaintiff's Eighth Amendment rights.

## ORDER

IT IS ORDERED that plaintiff Willie Simpson's motion for summary judgment, dkt. #93, is DENIED, and summary judgment is GRANTED in favor of defendants Dalia Suliene and Lori Alsum. Plaintiff's motion to compel, dkt. #102, and plaintiff's motion for issuance of a subpoena, dkt. #98, are DENIED as moot. The clerk of court is directed to

9

enter judgment in favor of defendants and close this case.

Entered this 24th day of December, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

10